UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| KUJO GABRIELE; ALEXIS GABRIELE, | **MEMORANDUM AND ORDER** |
| Plaintiff, | 10-CV-3200 (ARR) |
| -against- | |
| MAIMONIDES HOSPITAL; ELIZABETH HOROWITZ, | NOT FOR PRINT OR ELECTRONIC PUBLICATION |
| Defendants. | |

----------------------------------------------------------x
ROSS, United States District Judge.

On July 8, 2010, plaintiffs, appearing *pro se,* filed this action alleging violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Plaintiffs' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted. For the reasons set forth below, plaintiffs' complaint is dismissed.

## BACKGROUND

Plaintiffs' complaint alleges as follows:

> Maimonides Hospital, through their employee, Elizabeth Horowitz, violated Patient's and parent's rights protected by the HIPAA Law by revealing information about [plaintiff], Kujo Gabriele to Ms. Brown of NYCACS and Ms. Cynthia Blake of NY Foundling Agency. This information included, but was not limited to, the patient's diagnosis, supposed statements of the patient, as well as Ms. Horowitz's unprofessional opinions and statements of fact that may or may not be true. ...

Complaint, Statement of Claim at 1. Plaintiffs seek monetary damages.

## STANDARD OF REVIEW

In reviewing plaintiffs' complaint, the Court is mindful that because plaintiffs are

1

proceeding *pro se,* their submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004).

However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

HIPAA was enacted by Congress in order to protect against unwarranted disclosure of health records and information. Gratton v. United Parcel Service, Inc., No. 07 CV 3071, 2008 WL 4934056, at *4 (E.D.N.Y. Nov. 14, 2008). Section II of HIPAA, Pub.L. No. 104-191, authorizes the Secretary of Health and Human Services "to make final regulations concerning the privacy of individually identifiable health information." Nat'l Abortion Fed'n v. Ashcroft, No. 03 Civ. 8695, 2004 WL 555701, *2 (S.D.N.Y. Mar. 19, 2004). Enforcement of the statute and its regulations is limited to the Secretary of Health and Human Services, and there is no private right of action. Bloch v. Pike, No. 09 CV 5503, 2010 WL 2606355, at *6 (E.D.N.Y. May 20, 2010) (HIPAA statute does not provide for a private right of action); Ames v. Group Health Inc., 553 F.Supp.2d 187, 192 (E.D.N.Y. 2008) (case law is "clear that plaintiffs cannot bring a HIPAA enforcement action due to improper disclosures of medical information"); Rzayeva v. United

2

States, 492 F.Supp.2d 60, 83 (D.Conn. 2007) ("HIPAA, which regulates the privacy of medical records, provides no private right of action, and enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services.") (citations omitted). Accordingly, plaintiffs may not maintain a claim for the alleged disclosure of Kujo Gabriele's medical information under HIPAA.

## CONCLUSION

Accordingly, plaintiffs' complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
August 2, 2010

3